Hartford,
November,
1815.

CHALKER and others *against* DICKINSON and others.

The right of fishery in a navigable river is *prima facie* public ; and though it may be exclusively vested in an individual by grant from the state, or by prescription, yet such exclusive right cannot be acquired merely by an uninterrupted possession and use for fifteen years.

In order to gain such exclusive right by possession and use in any case, the possession and use must be exclusive as well as uninterrupted.

IN an action of trespass, the plaintiffs declared that they, and those under whom they claimed, for more than twenty years past, had used, occupied, possessed and enjoyed the free, several and exclusive right and privilege of a certain valuable fishery for shad and other fish in *Connecticut* river, between *Fort-Point* and *Pipestave-Point* in the town of *Saybrook* ; which fishery had been thus occupied and enjoyed by the plaintiffs to the entire exclusion of all the citizens of this state, and all other persons ; and that the defendants, well knowing these facts, and intending to injure the plaintiffs, and deprive them of the use and profit of their fishery, did, with force and arms, and without right, wilfully disturb, vex and hinder the plaintiffs in fishing at said place, and in the free and full enjoyment of their right and privilege of the fishery aforesaid, and did with like force enter upon said fishing-place within the plaintiffs' limits, and draw a seine over the same, and take and carry away a great quantity of fish, &c. ; by means whereof the plaintiffs were greatly injured and disturbed in their said right and privilege, and prevented from taking with their own seine said fish so caught by the defendants, and their fishery was greatly injured in value by the doings of the defendants, &c.

The cause was tried at *Middletown, December* term 1814, before *Trumbull, Baldwin* and *Ingersoll*, Js.

On the trial, the plaintiffs claimed the free, several and exclusive right of fishery in *Connecticut* river from a point near the fort in *Saybrook* down to *Pipestave-Point*, extending in front to the channel, by an uninterrupted possession and use for more than fifteen years. The defendants contended, that the right claimed could not be gained by such possession and use. On this point, the court instructed the jury, that an exclusive right in the fishery in question might be acquired by an uninterrupted possession and use during a period of more than fifteen years ; and left the question of fact, whether the plaintiffs, and those under whom they claim, had enjoyed such an undisturbed possession and use, to the jury to determine from the evidence. A verdict being found for the plaintiffs, the defendants moved for a new trial on the ground of a mis-direction ; and the question of law arising

on such motion was reserved for the consideration and advice of the nine Judges.

*N. Smith* and *R. M. Sherman,* in support of the motion, contended that an exclusive right of fishery in a navigable river could be acquired by an individual in one of two modes only, *viz.* by an express grant from the public, or by prescription, which presumes a grant ; and that no such right could be gained in analogy to the statute of limitations, by the uninterrupted enjoyment for fifteen years of a privilege which was common to him and all other citizens of the state.

*Daggett* and *Staples,* contra. They cited *Pitkin* v. *Olmstead,* 1 *Root,* 217. *Weld* v. *Hornby,* 7 *East* 195. *Bealy* v. *Shaw & al.* 6 *East* 215. *Peake's Ev.* 294. *Sherwood* v. *Burr,* 4 *Day's Ca.* 244.

SWIFT, Ch. J. In this case, the court directed the jury, that an exclusive right of fishery could be acquired in a navigable river by an uninterrupted possession and use for more than fifteen years.

The right of fishery by the common law in the ocean, in arms of the sea, and navigable rivers below high water mark, is common to all, and the state only can grant an exclusive right. In rivers not navigable, the adjoining proprietors own the fishery, and can grant a right of fishing. *Connecticut* river being navigable in the place where this right of fishery is claimed, it could be acquired only in such manner as a public right can be appropriated or transferred. By the common law, no right could be acquired by use, possession and occupation, unless it had been from time immemorial ; and this is called a right by prescription. In *England,* by statute 21 *Jac.* 1. *c.* 16. *s.* 1. it was enacted, that no person that has any right or title of entry, shall enter but within twenty years next after his right or title shall accrue. Courts extended the principle of this statute to similar cases within the same reason. A like statute was at an early period enacted in this country, limiting the right of entry to fifteen years ; and courts extended the principle to similar cases. Hence it has become an established rule of the common law, that easements may be acquired by uninterrupted

*Hartford,*
November,
1815.

Chalker
*v.*
Dickinson.

possession for fifteen years ; such as rights of way, flowing another's land, diverting water courses, fisheries and the like. But in every case of this description, the use and possession in the first instance are a usurpation of the rights of some other person ; and an action would always lie till the fifteen years were elapsed. It is considered, that no man would permit another thus to occupy and possess his right without a grant ; and in all these cases the law presumes there has been a grant ; for the idea is not entertained that a man by being a trespasser for fifteen years can by the common law acquire a right. But as the grant depends upon a presumption of law, it is always competent to rebut it by proof of such circumstances as shew no grant could have been made. The general rule then, is, that certain rights may be acquired against individuals by fifteen years uninterrupted possession and use, unanswered and unexplained. 2 *Wms. Saund.* 175. n. (2).

But the case under consideration is of a very different description. The fishery in *Connecticut* river below high water mark is common to all the citizens ; the use and possession of the plaintiffs was lawful ; and the mere lawful exercise of a common right for fifteen years has never been considered as conferring an exclusive right. This case, therefore, does not compare with the cases where a right is acquired by uninterrupted use and possession.

Further, it does not appear that the plaintiffs were the *sole* possessors and occupiers of this fishery. They might have used it without interruption for the term of fifteen years ; and so might others. At this rate, several persons might, at the same time, be acquiring an exclusive right to the same fishery ; an absurdity that demonstrates the fallacy of the principle contended for.

The public may grant an exclusive right of fishery in a navigable river ; and if it may be granted, it may be prescribed for. Such a right shall never be presumed, but the contrary. It is however capable of being proved. In this case, the plaintiffs relied on the presumption arising from uninterrupted use and possession for fifteen years. This would be presuming, not proving, the prescriptive right. If he claims such right, he is bound to *prove* it. *Carter & al.* v. *Murcot & al.* 4 *Burr.* 2162.

In this opinion the other Judges severally concurred, except HOSMER, J. who declined acting, having been of counsel in the cause.

New trial to be granted.