FREDERICK BECKMAN *et al.*

*v.*

JOHN P. KREAMER *et al.*

1. EASEMENT—*right to fish—owner of soil.* By the common law, a right to take fish belongs so essentially to the right of soil in streams or bodies of water where the tide does not ebb and flow, that, if the riparian proprietor owns upon both sides of such stream, no one but himself may come upon the limits of his land and take fish there; and the same rule applies so far as his land extends, to wit, to the thread of the stream, where he owns upon one side only. Within these limits, by the common law, his right of fishery is sole and exclusive, unless restricted by some local law, or well established usage of the State, where the premises may be situate.

2. TRESPASS. Appellees owned a tract of land on which was a small sheet of water having an outlet to Kankakee river. Appellants, against the will of appellees, entered upon the premises for the purpose of fishing. *Held,* that the entry was a trespass, for which an action of trespass lay.

3. APPORTIONMENT—*discretion of court in apportionment of costs.* In apportioning costs under our statute, in case of an appeal from a judgment of a justice of the peace, the Circuit Court must take a view of the whole case and ascertain where the justice of it is, and so apportion the costs.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

The facts of the case sufficiently appear in the opinion of the court.

Messrs. H. LORING and W. H. RICHERSON, for the plaintiffs in error.

Mr. WILLIAM POTTER, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

By the common law, a right to take fish belongs so essentially to the right of soil in streams or bodies of water, where the

tide does not ebb and flow, that if the riparian proprietor owns upon both sides of such stream, no one but himself may come upon the limits of his land and take fish there; and the same rule applies so far as his land extends, to wit, to the thread of the stream, where he owns upon one side only. Within these limits, by the common law, his right of fishery is sole and exclusive, unless restricted by some local law or well established usage of the State where the premises may be situate. Washburn on the Law of Easements and Servitudes, 411, referring to Hargrave's Law Tracts, 5; Woolrych on Waters, 87; *Chalder* v. *Dickinson*, 1 Conn. 382; *Waters* v. *Lilley*, 4 Pick. 199; *Hooker* v. *Cumins*, 20 Johns. 90; *McFarlin* v. *Essex Co.*, 10 Cush. 304.

This right to take fish within the limits of one's land bounding upon and including a stream not navigable, is so far a subject of distinct property or ownership, that it may be granted, and will pass by a general grant of the land itself, unless expressly reserved; or it may be granted as a separate and distinct property from the freehold of the land, or the land may be granted, while the grantor reserves the fishery to himself.

In this case the record shows, that the plaintiffs below showed either a legal or equitable title to the lands on which the lake was situate, and actual possession and cultivation of the adjacent lands described in the title papers they exhibited.

It appears the lake is a small sheet of water about seven miles from the Kankakee river, and has an outlet to that river. It abounds in fish of a choice kind. The defendants went on it with small boats they had brought with them, equipped with a seine, which they dragged in the lake, against the will and protest of the owners of the land.

This entering upon the land and fishery, which was exclusive in the plaintiffs, was a trespass upon their premises, for which the action of trespass lay, independently of the question of ownership in the fish. The plaintiffs had, therefore, a clear right to recover for the trespass.

The suit was originally commenced before a justice of the peace, and damages recovered to the amount of twenty-five

dollars.   On appeal to the Circuit Court, the jury in that court rendered a verdict for plaintiffs of five dollars, and the court, on motion of defendants there, apportioned the costs, adjudging against the defendants $181.40, and against the plaintiffs the sum of $20.60, when it appears, that the costs made by the defendants below were $160, and those made by the plaintiffs below were $95.50.

The motion of defendants in the Circuit Court, was to apportion the costs " according to the statute."

It is now assigned for error, that the apportionment made by the court is not according to the statute.   It is argued by plaintiffs in error, that this power to apportion the costs, where a recovery has been reduced on appeal, is not discretionary. Section 17 of chapter 26 provides, where the judgment of the justice of the peace shall be affirmed in part, then the court shall divide the costs between the parties, according to the justice of the case.

Technically, the judgment of the justice has not been affirmed in part, as the case was tried in the Circuit Court *de novo*, and a verdict rendered for the plaintiffs for a sum sufficient to carry all the costs against the defendants.   But, on the admission, that the judgment of the justice was affirmed in part only, it is clear, the Circuit Court must take a view of the whole case, and ascertain where the justice of it is, and so apportion the costs.   It is wholly discretionary with the Circuit Court, and on an examination of the evidence before it, contained in this record, it was not difficult to see that the justice of the case was wholly with the plaintiffs.   The defendants entered upon these premises in a riotous and tumultuous manner, equipped with teams, boats, fishing tackle and seine, and, against the remonstrances of the proprietors of the land, and of the fishery, committed their trespass.   Why the plaintiffs should have been required to pay more than a nominal sum in order to a technical compliance with the statute, to apportion the costs, we cannot very well see.   Apportioning them as was done, if an error, it was one of which the plaintiffs in error cannot complain.

The judgment must be affirmed.

*Judgment affirmed.*