GEORGE F. HARDING, Exr., etc.

*v.*

THE TOWN OF HALE.

1. CHANGE OF VENUE—*excuse for not applying in vacation.* Where a petition for a change of venue states that knowledge of the existence of the cause stated came to the applicants within the last preceding ten days, and on the hearing of the application, the party offered to prove, as an excuse for not applying to the judge at chambers, that he was absent from the circuit and engaged in holding court in Chicago during the preceding ten days, which the court refused to hear, and denied the motion: *Held,* that the excuse was sufficient, and that the court erred in refusing the evidence.

2. It is not within the letter or spirit of the statute, that a party desiring a change of venue shall be subject to the expense of following a judge, who may have left his circuit, for the purpose of obtaining such an order.

3. HIGHWAY—*laying out, a mixed question of law and fact.* An instruction is erroneous which leaves it to the jury to determine whether a public highway was laid out, without calling their attention to the steps necessary to the laying out of the same. The question is a mixed one of law and fact, and not purely of fact.

4. SAME—*evidence of as to its location, etc.* The fact of a party signing a petition for a road, has no tendency to show where it was located with reference to a fence claimed to be an obstruction, nor to show that he dedicated land to the public to widen the road, when the proof shows he then did not own the same.

5. SAME—*of its dedication.* A party not having title to land can not dedicate any part of it to the public for a road, and proof that a person in building a fence left ground for such road, without proof of title in him to the land, is no evidence of a dedication.

APPEAL from the Circuit Court of Warren county; the HON. ARTHUR A. SMITH, Judge, presiding.

This was a prosecution by the town of Hale, in Warren county, against Abner C. Harding, to recover the penalty given by law for obstructing a highway. The material facts of the case are found in the opinion of the court.

Messrs. HARDING, NISSEN & BARNUM, for the appellant.

Messrs. PORTER & MOSHER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The present case was before this court at its September term, 1871, and is reported as *Harding* v. *The Town of Hale,* 61 Ill. 192. After it was remanded, a second trial was had in the court below, resulting, as the first, in a judgment for the town of Hale. From this judgment Harding appealed, but dying intestate before the cause was submitted, the suit has since been prosecuted by his executor.

On the first day of the May term, 1874, of the Warren circuit court, Harding presented his petition for a change of venue, which was properly verified by his affidavit, setting forth that the plaintiff in the suit had an undue influence over the minds of the inhabitants of the county, and that the knowledge of the existence thereof was not ascertained by him until within the last preceding ten days. Notice of the intention to present the petition was duly given, and Harding also offered to prove that the day on which the petition was presented was the first day on which it could be heard or the

prayer thereof granted, because the judge of the court was absent from his circuit and engaged in holding court in the city of Chicago, during the preceding ten days, but the court refused to hear the evidence and denied the prayer of the petition, to which Harding excepted.

The petition states facts which, under the statute, entitled Harding to the change prayed for, provided sufficient diligence was shown in making the application. The case is different from *Moss et al.* v. *Johnson*, 22 Ill. 639, *Kelly et al.* v. *Downs*, 29 id. 74, *Bryson* v. *Crawford*, 68 id. 362, in that, in those cases no excuse was offered why the petition for the change was not presented to the judge at his chambers or elsewhere, when the cause for the change was first ascertained to exist, while here the excuse is offered to be proved that the judge was not at his chambers nor within his circuit, but in a remote part of the State.

We are of opinion the excuse was sufficient, and that the evidence offered to prove it should have been received, or that the judge, acting from his own knowledge of the truth of the facts alleged as an excuse, should have held them sufficient. It is not within the letter or the spirit of the statute, that the party desiring a change shall be subject to the expense of following a judge, who may have left his circuit, for the purpose of obtaining such an order. If it were so, in small cases the expense of travel alone might, in many instances, be more burdensome to him than to submit to the results of litigation at the hands of a prejudiced and partial tribunal. Orders of this kind should be sought from the judge in vacation, if he may be found within the circuit; but if he can not be found within the circuit, the party shows due diligence by presenting the petition to him at the earliest convenient opportunity after his return. It was error to deny the prayer of the petition.

Harding was in possession, claiming to be owner, of the south-east quarter of section 27, T. 11 N., R. 3 W., and he, in removing the north line of the fence across the tract, for the purpose, as he claimed, of setting and cultivating a hedge

504          HARDING, EXR. *v.* TOWN OF HALE.          [Sept. T.

Opinion of the Court.

fence, created what the town of Hale claims was an obstruction in a highway leading from Monmouth to Oquawka, and running through or near the center of section 27. As we understand the evidence, the contention at the trial below was not whether there was, in fact, a highway properly established on or near the middle section line, but what were its limits. The town claimed that the highway extended, on the south side, to where the fence had stood before its removal, and that, if the order laying it out was limited to a less distance, its width had been thus extended by dedication or prescription. On the other hand, Harding insisted that the road, as ordered to be laid out, was limited to fifty feet in width, and that it had not been widened either by dedication or prescription. There was, also, dispute as to where was the location of the center line of the road, as originally laid out. On the several points, there was more or .less of conflict in the evidence, and we do not think it advisable that we should express any opinion as to its relative weight.

Instructions No. 7 and 8, given to the jury at the instance of the town, were as follows:

" 7. If the jury believe, from the evidence, that a public highway was laid out over the place of obstruction in question; that it was used and traveled by the public as such, and that it was recognized and kept in repair as such by the public authorities, then proof of these facts furnishes a legal presumption, liable to be rebutted, that such road is a public highway.

" 8. If the prosecution has, by such proof as is mentioned in the 13th instruction (No. 7 of this record), raised the legal presumption therein mentioned, then if such presumption is not rebutted, a highway is proved."

We think this instruction was erroneous in leaving the jury to determine whether a public highway was laid out, without calling their attention to the steps necessary to the laying out of a public highway. The question is a mingled one of law

and fact, and not purely of fact, as is assumed by the instruction.

Instruction No. 9, given to the jury at the instance of the town, was as follows:

"No particular formality is required to constitute a dedication; it may be made either with or without writing, by any act of the owner, such as throwing open his land to the public use and travel, thereby indicating a clear intention to dedicate, and if the jury, from the evidence, believe that the defendant, in 1847, with others, petitioned to have the road in question graded, that Weakley turned out the land in question for a road on which is the obstruction complained of, while owner of said land; that the defendant, while he has been the owner of the land in question since 1863, if such is the proof, and having knowledge of the public travel thereon, and of the working and repairing of the same by the proper public authorities, did not, until 1869, dissent from such use of the land in question by the public, these are facts proper for the jury to consider as to whether the proof shows a dedication. And if, from the evidence, the jury so believe that a dedication of the land in question before the year of 1869 was complete, then the defendant, by building his fence out on said road, if there was a road, could not recall the dedication or retract the same."

This was erroneous. As we understand the evidence, the signing of the petition by Harding, in 1847, to have the road graded, does not have the slightest tendency to show where the road was actually located with reference to the fence in question, further than is disclosed by the order of the county commissioners to open the road, nor to show that he dedicated any land to the use of the road. The petition to have the road graded was, to have it graded as it had been laid out—the right of way for which, presumably, had been or was to be acquired pursuant to the statute relating to highways, and it had no reference to a road to be established by dedication or prescription. Moreover, so far as the record discloses, Hard-

ing did not then own any land adjoining the road on the south side, any portion of which was to be taken for right of way, by granting the prayer of the petition to grade the road. Certainly that, the line of which is directly in dispute, (the south-east quarter of section 27,) was not claimed to be owned by him until some years afterwards.

So far as Weakley is concerned, the evidence fails to show that he had any title to the land at the time he made the fence, and if he did not have title it was impossible that his act, whatever he may have intended, could have passed any interest in the land to the public.

When this case was here before, *Harding* v. *The Town of Hale, supra,* it was said, on the authority of Angell on Highways, sec. 142, "The vital principle of dedication is the intention to dedicate—the animus *dedicandi;* and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has been made." And in *Gentleman* v. *Soule,* 32 Ill. 272, an attempt was made to prove a dedication by one Brown, and the court said: "At the time Brown made these declarations, even if they were sufficient evidence to make a dedication, he was not the owner, and had no right to dispose of or encumber the land. He could not confer any more or better right than he possessed. It would be unheard of for a trespasser, or even a tenant, to exercise the right of granting a valid easement over the land of the owner." See, also, Washburn on Easements, p. 132, sec. 11; Angell on Highways, sec. 134.

We see no other error in the record; but, for those pointed out, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*