# FRANK DRDA

## v.

# CHARLES SCHMIDT.

*Real Property—Trespass—Way—Landlord and Tenant—Costs—Apportionment of—Polling the Jury—Improper Method of.*

1. A tenant can not grant a valid easement over the land of the owner without authority from him.

2. One asserting the act of dedication by a tenant must show his authority to so dedicate; failing in this, no interest passes in the realty as against the owner or any one purchasing under him.

3. The use of a private way, without a claim of right to such use, is not of such adverse character as will form the basis of a prescriptive right.

4. The fact that others passed over the land in question at the *locus in quo* can not affect the question in a given case as to whether the defendant had an easement therein.

5. The question in such case as to the use of the land, and whether an easement had been acquired by dedication, or by prescription are for the jury.

6. The right to poll a jury may be waived; in the absence of a rule justifying the polling of several of the jury upon one day and the balance upon a subsequent day, such action would be improper.

7. In an action of trespass touching certain real estate, defendant claiming a right of way, this court holds that there was no error of which defendant could complain as to the apportionment of costs and declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Madison County; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. CYRUS L. COOK and E. BREESE GLASS, for appellant.

Messrs. TRAVOUS & WARNOCK, for appellee.

MR. JUSTICE PHILLIPS. This was an action of trespass brought by plaintiff, the appellee, against the defendant, the appellant, before a justice of the peace, where a judgment was rendered for five dollars, with costs, the defendant failing to appear. The defendant appealed to the Circuit Court, where a trial was had, and a verdict and judgment for one cent was rendered. Motion for a new trial was overruled, and judgment rendered, and motion was made in the Circuit Court to apportion costs, and the court ordered the plaintiff to pay $50 of the costs and the defendant to pay the balance, which was $232.05. The defendant brings the record to this court by appeal. The defendant is the owner of a twenty-seven acre tract of land immediately north and adjoining an eight acre tract owned and occupied by appellee, on which last named tract the alleged trespass was committed. The defendant acquired title to the twenty-seven acre tract after the year 1881, and the plaintiff purchased the eight acre tract in 1888 ; the eight acre tract was leased by the owner thereof on November 14, 1863, to one John Kapp, for the term of twenty years, who continued in possession for the full term, and plaintiff's grantees got title to same during the existence of the said lease. Adjoining the twenty-seven acre tract of land is a tract referred to by the witnesses as the "Suhre tract." The point in dispute, and where the trespass complained of was committed, is a narrow strip on the east side, and a part of, said eight acre tract, extending from the county road on the south to said twenty-seven acre tract on the north.

Drda v. Schmidt.

Before any of these lands were cleared, and up to about 1868, there were numerous trails running from the county road east of said eight acre tract in a northwesterly direction over said eight and twenty-seven acre tracts to the "Suhre tract." These were used occasionally by persons hauling wood from the timber, but chiefly by the occupants of the "Suhre tract." About the year 1868, Rapp, the tenant, cleared up the lands covered by his lease, including the eight acre tract, and fenced the same, leaving a narrow strip near the east line of said eight acre tract, at or including the strip in dispute. His lease did not authorize this, and it does not appear that his lessor knew of or consented to it. Thereafter these persons traveled over this strip until near the twenty-seven acre tract and then traveled in a northwesterly course across the said twenty-seven acre tract to the "Suhre tract," the line of travel being as well defined across said twenty-seven acre tract as it was over this strip. There never was any travel over this "road" by persons other than those above mentioned except for about three or four months in the year 1870, when the Wabash Railroad was being constructed, and then it was used some in hauling material for the construction of said road.

In the year 1884 this "road" had ceased to be used by any one except Henry Smith, the occupant of the "Suhre tract," and appellant, who purchased the twenty-seven acre tract. Appellant then cleared the south end of the twenty-seven acre tract and plowed up that part of the "road" across said twenty-seven acre tract. The occupant of the "Suhre tract" complained to appellant because of his obstructing that part of the road and appellant insisted that there was no road over his land or the eight acre tract, where the trespass is alleged to have been committed, and called upon one who was a tenant in common with plaintiff's grantee to verify his statement, and appellant contracted with plaintiff's grantor for a road on the west side of the eight acre tract, but failing to pay the price agreed upon, leased a road on the west side of the tract. When plaintiff purchased the

eight acre tract he put it all in cultivation, and for more than two years thereafter the defendant did not travel over it or assert any right so to do until the trespass complained of, by driving over it while in cultivation, and in possession of plaintiff. The evidence shows that the road was not recognized or accepted as a public highway by the commissioners, nor any work done thereon. There is no evidence in this record to show an easement in the defendant over the *locus in quo* as a right of way, appurtenant or in gross. The evidence does not show a dedication, as the only act that tends to show dedication is the act of Rapp, the tenant, when he fenced the land, leaving the strip of land over which defendant sought to pass.

It does not appear that his act was authorized by his lease, or that his lessor or the subsequent owners of the land ever acquiesced in any act of dedication, and there is no evidence to show that any owner of the land ever dedicated the easement or recognized its existence. A tenant can not grant a valid easement over the land of the owner without authority from the owner (Gentleman v. Soule, 32 Ill. 271); and one asserting the act of dedication, if dependent on the act of the tenant, must show the authority of the tenant for dedication, for the tenant's act could not pass any interest in the realty as against the owner or any one purchasing under him (Harding v. The Town of Hale, 83 Ill. 501); and we fail to find in this record any act showing a dedication by the owner. The evidence is clear that there has been no acceptance by the public, through the commissioners of highways, in recognizing this as a public road, and doing any work thereon. Neither do we find evidence in this record to show it a road by prescription, for it not being a public highway, accepted by the public, by its officers, it could not become a private easement so long as it is merely permissive. The use of a private way without a claim of right to such use is not of such adverse character as would form the basis of a prescriptive right. Dexter v. Tree, 117 Ill. 532; The City of Quincy v. Jones, 76 Ill. 231.

And the fact that the occupant of the " Suhre tract,"

with other persons, at times passed over this land at the *locus in quo* can not affect the question as to whether the defendant had an easement therein.   It is said in Washburn on Easements, 4th Edition, 164 : " It would seem that it is not necessary that the one who claims the easement should be the only one who can or may enjoy that or a similar right over the same land, but that his right should not depend for its enjoyment upon a similar right in others, and that he may exercise it under some claim existing in his favor independent of all others."   And this language is cited and approved by the Supreme Court in the case of McKenzie v. Elliott, 134 Ill. 156.

The action of the defendant in asserting there was no road at this place, and calling on the one in privity with the title of plaintiff to prove that there was no road across the land at this place, and the further fact that he endeavored to buy a right of way over this land, and rented a way along the west side of said tract and used the same for two years, is absolutely inconsistent with the assertion of a right to the *locus in quo*.   The questions as to the use of the land by the defendant and others, and whether an easement had been acquired by dedication, or by prescription, were questions of fact for the jury, and from the evidence in this record we find sufficient to sustain the verdict, as the jury found in accordance with the weight of the proof.

The instructions given for the plaintiff, and the defendant's modified instructions, were given on the theory as above stated and there was no error in giving, modifying and refusing instructions.   It is insisted there was error in the court in reference to polling the jury.   The trial of the case was concluded on Saturday and the jury were instructed by the court to render a sealed verdict, and no objection was made to the jury returning a sealed verdict by counsel for the defendant.   After the trial, and while the jury were out, the court adjourned until the following Monday, and the verdict being announced by the court, the defendant's counsel requested the court to poll the jury, and the jury being called, but eleven answered to their names, the twelfth being

absent by reason of sickness, and the court proceeded to poll the eleven jurors, and on the next day the twelfth juror was polled by the court, and to the polling of the jury, eleven at one time and one at another, the defendant objected, and took an exception to the overruling of his objection. It appears from the record that rule No. 31 of the Circuit Court of Madison County is as follows: "That an agreement on the part of counsel to receive a sealed verdict shall be considered and treated as a waiver of the right to poll the jury, and to take any but substantial objections to the verdict, and it shall authorize the court to put the verdict in the proper form, and in all cases where a jury retire without objection to a sealed verdict on the part of either party a sealed verdict may be rendered."

The right to poll the jury is a right that may be waived, and the effect of the rule of court is a waiver by the defendant of the right to poll the jury, no objection being made to their rendering a sealed verdict, and no application being made at the time the jury retired, or suggestion that defendant would desire the jury polled, and hence, under the rule, there was waiver of the poll of the jury. The rule was one that the court had power to make. But for the rule we could not sustain the manner of polling the jury. It is further urged that there was error in the apportioning the costs, as the finding before the justice was $5 and in the Circuit Court one cent, and in the apportionment of costs the plaintiff was made to pay less than one-fifth of the costs. The defendant wrongfully entered upon the plaintiff's premises and the justice of the case, as appears from the evidence, is wholly with the plaintiff, and is held by our Supreme Court in Beckman v. Kreamer, 43 Ill. 447: "Why the plaintiffs should have been required to pay more than a nominal sum in order to a technical compliance with the statute to apportion the costs, we can not very well see. Apportioning them as was done, if an error, it was one of which the plaintiffs in error can not complain."

We find no reversible error in this record.

*The judgment must be affirmed.*