# Baltimore & O. S. W. Ry. Co. v. Harrison Faith.
## Same v. Sarah Faith.

1. HIGHWAYS—*Existence of, a Mixed Question of Law and Fact.*— The existence of a legal highway in a particular place is a mingled question of law and fact, and when the question arises, the jury should be instructed as to what facts establish the existence of a highway, and it is then for them to say whether such facts have been proved.

2. RAILROADS—*What Amounts to Obstruction of Crossing.*—A car negligently allowed to remain upon the railroad track at a public crossing is an obstruction, and an averment that a railroad company carelessly and negligently placed and left one of its freight cars upon and nearly across a public highway, and by means thereof said car was an object highly calculated to frighten teams or horses passing over said highway at said crossing, is substantially an averment of an obstruction of the highway.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Lawrence County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1897. Affirmed. Opinion filed September 10, 1897.

PALMER, SHUTT & LESTER and GEE & BARNES, attorneys for appellant.

J. E. McGAUHEY, W. A. CULLOP and WM. ROBINSON, attorneys for appellees.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

These cases grow out of the same occurrence, and are substantially alike. Both cases were tried at the same time, before the same jury, upon the same testimony, and separate verdicts rendered. Harrison Faith's damages were assessed at $1,000, and Sarah Faith's damages at $300. They are tried here together, upon the same record, abstract and brief. The declarations are similar in legal effect, and charge, in substance, that said appellant was operating its road, running through the county of Lawrence, and using,

in connection therewith, a certain "Y," or switch track, connecting its road with the C., C., C. & St. L., or Big Four, and that, on the 1st of May, 1895, appellant carelessly and negligently placed and left a freight car upon and partly across a public highway, leading from the city of Lawrenceville across said "Y," or switch track, and by means thereof said freight car so encroaching upon said highway, became and was an object highly calculated to frighten the teams or horses used by persons passing along said highway at said crossing; that said appellant negligently permitted and suffered said car to be and remain so encroaching upon said highway; that upon said day of May, 1895, appellee Harrison Faith, with his wife, in a buggy drawn by a gentle horse, was driving over said highway, from his home to the city of Lawrenceville, and that while so driving and exercising due care and diligence, and while in the act of crossing said "Y," at said public highway crossing, his horse became frightened at said car, so left encroaching on the highway, and in consequence thereof ran away, upset the buggy, and threw appellees forcibly to the ground, whereby they were injured, etc.

Appellant plead the general issue.

The first instruction for appellees fairly stated the material allegations of the declarations, and told the jury that "these allegations plaintiffs are required to establish by a preponderance of the evidence." Due care and diligence on the part of appellees was one of these allegations, and it was not necessary to repeat it in subsequent instructions. The jury by their verdict found that these allegations were proved, and while upon some points the testimony conflicts, an examination of the record fails to show that the verdict is unsupported by the evidence.

Appellant assigns for error that by the tenth instruction for appellees, "the question whether the road was established according to the statute was one of law for the court, and was improperly left to the jury," citing Harding v. Hale, 83 Ill. 501. In the case cited the court held it error to leave the jury to determine whether a highway was laid

out, without calling attention to the steps necessary to the laying out of a highway, and say, " the question is a mingled one of law and fact, and not purely of fact, as is assumed by the instruction."

In the present case, the court did call attention, in the seventh instruction, to the different methods of establishing a highway, as follows : " You are instructed that the plaintiffs are at liberty to rely upon establishing the highway in question by proving either a condemnation and the opening thereof, in due form under the statute, twenty years continuous adverse use by the public, or dedication by the owner and acceptance by the public; and if you believe, from the weight of the evidence, that the plaintiffs have proven the establishment of the road in controversy, by either one of these methods, that is sufficient upon the question of the road."

When the jury is instructed as to what facts establish a highway, it is for the jury to say whether such facts have been proved. Grube v. Nichols, 36 Ill. 97. While this instruction might have been more explicit in stating what was necessary to prove in order to establish a statutory highway, yet such omission in this case was not material error. The proof was conclusive by several witnesses that the road in question had been used as a public highway for more than twenty years, and that it was ditched, graded and worked by the highway commissioners. This of itself was enough to establish a highway. Counsel for appellant claim that the evidence shows that the cattle-guard on the " Y " has been in the possession of appellant for more than twenty-five years, and has never been crossed or used by the public. This may be true, but if true, it does not prove that the road was not a public highway, or that appellant had the right to store cars thereon. The evidence fails to show that it was ever used before the day in question as yard or switch room for storing cars. It was used in passing cars from the track of appellant to the track of the " Big Four." If its use had been confined to this, the freight car in question would not have been left standing

on the cattle-guard, and on the highway, as alleged in the declaration. Counsel for appellant do not seem to seriously challenge the existence of the alleged highway, but defend upon the ground that the car in question was not upon the traveled track. This appears from their statement on page 10 of their brief, as follows:

"The fault of defendant, if it was guilty of a fault, was in leaving a car within the technical limits of the highway not traveled."

There is a conflict of the testimony as to how close the car stood to the traveled track, some witnesses placing the nearest end from two to four feet, and others from ten to twelve feet. We do not deem this a material point. The question is, was the car upon the highway, as alleged in the declaration, and was this the cause of the accident?

Counsel for appellant criticise "all the instructions which refer the question whether the car of defendant was an obstruction to the highway," etc., upon the ground that this is not the issue made by the pleadings. It is true that the declaration does not use the word "obstruction," or "obstructing the highway;" but it does allege that the car was "negligently left upon and partly across a public highway," etc. This language is sufficient to charge an obstruction. Whether or not it was an obstruction was for the jury to decide. Young v. Detroit, etc., 56 Mich. 430, and cases there cited.

"Public highways belong from side to side and end to end to the public." Elliott on Roads and Streets, p. 478.

"No railroad corporation shall obstruct any public high-way by stopping any train upon, or by leaving any car or locomotive engine standing on its track, when the same intersects or crosses such public highway, except for the purpose of receiving or discharging passengers, and in no case to exceed ten minutes for each train, car or loco-motive." Starr & Curtis' Stat., Chap. 114, Sec. 77.

An object on a highway calculated to frighten a horse may be a nuisance, and is not distinguishable in law from an obstruction which a traveler drives against. Clinton v. Howard, 42 Conn. 294.

A car negligently allowed to remain upon the track at a crossing is an obstruction.    Pittsburg, C. & St. L. R. Co. v. Kitley, 118 Ind. 155.    This case is on all fours with the one at issue.

"Every unauthorized use of the highway which renders it less safe and convenient for travelers is an obstruction." Am. & Eng. Ency., Vol. 9, p. 412.

To the same effect are:    Smith v. State, 23 New J. Law, 712; Commonwealth v. Blaisdell, 107 Mass. 234; Northern C. R. Co. v. Commonwealth, 90 Pa. St. 300;  State v. Berdetta, 73 Ind. 185; People v. Cunningham, 1 Denio, 524; The King v. Russell, 6 East. 427.

The averment, then, that appellant carelessly and negligently placed and left one of its freight cars upon and partly across a public highway  *  *  *  and by means thereof said car was an object highly calculated to frighten teams or horses passing over said highway at said crossing, etc., is substantially an averment of an obstruction of the highway, and the instructions referred to do not present an issue not made by the pleadings.

The instructions for appellant were voluminous, and covered every point of its defense.

We find no material error in the record.    The judgment in each case is therefore affirmed.