# Illinois Central Railroad Company v. Chicago Title & Trust Co., Adm.

1. RECOVERY—*Allegations and Proof to Correspond.*—To entitle a plaintiff to recover, his allegations and proofs must correspond.

2. VARIANCE—*What is, as to Needless Allegations.*—If the plaintiff, though needlessly, describe a tort, and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from such description, it is a fatal variance, and will occasion a non-suit. So, if the situation of land or other property be described, though unnecessarily, in a material averment, as situated in a particular place, the plaintiff will fail if there is a substantial mistake.

3. PLEADING—*Averments as to Accidents at Highway Crossings—Railroads.*—In an action against a railroad company for negligently causing the death of a person at a public highway crossing, the averment that the place in question is a public highway crossed by the company's right of way and tracks, is a material averment, and proof of it is necessary to a recovery.

4. RAILROADS—*Duty at Highway Crossings.*—The duty which a railroad company owes to the public, in the matter of precautions for the public safety when its trains are approaching and about to cross a public highway, is greater in degree than the duty which it owes under other circumstances.

5. HIGHWAYS—*Existence of a Mixed Question of Fact and Law.*—Whether there is a public highway, as claimed by the pleadings, in an action against a railroad company for a death by negligence, is a mixed question of fact and law, and it is error to submit such question to the jury, without instructing them as to how a public highway may be constituted.

6. INSTRUCTIONS—*Must Limit the Jury to the Negligence Charged.*—It is error to give an instruction which does not limit the jury to the negligence charged in the declaration.

7. SAME—*Practice of Asking a Large Number.*—The practice of asking a large number of instructions has been criticised by our Supreme Court as "a mischievous practice and should be discontinued."

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed January 9, 1899.

JOHN G. DRENNAN, attorney for appellant—JAMES FEN-TRESS, of counsel—contended that the description of the

*locus in quo*, of the negligence charged by the pleader in an action on the case against a railroad company to recover damages, must be proved as laid.  W. C. R. R. Co. v. Wieczorek, 151 Ill. 579; W. W. Ry. Co. v. Friedman, 146 Ill. 583; Ebsery v. C. C. Ry. Co., 164 Ill. 518.

A private crossing is not a public highway within the meaning of the statute of the State requiring a bell " to be rung at a distance of at least eighty rods from the place where the railroad crosses or intersects any public highway."  W., St. L. & P. Ry. Co. v. Neikirk, 13 Ill. App. 387; Same v. Same, 15 Ill. App. 172; A. T. & S. F. Ry. Co. v. Booth, 53 Ill. App. 303; C. & A. Ry. Co. v. Adler, 56 Ill. 344; Sutton v. N. Y. C. & H. R. R. Co., 66 N. Y. 243; McCreary v. B. & M. Ry. Co., 153 Mass. 300; B. T. Co. v. Helms, 36 L. R. A. 215.

An instruction for plaintiff for personal injury on account of the negligence of the defendant must confine the right of recovery to the negligence charged in the declaration, and an instruction authorizing a recovery for " the negligence of the defendant," is reversible error, and is not cured by one for the defendant.  Camp Pt. Mfg. Co. v. Ballou, 71 Ill. 419; C., B. & Q. R. R. Co. v. Payne, 49 Ill. 500; C. C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545; C. B. & Q. Ry. Co. v. Libey, 68 Ill. App. 144; B. & O. S. W. Ry. Co. v. Derr, Adm'r, 69 Ill. App. 180.

The measure of damages in a case by an administrator on account of the death of the decedent by reason of the negligence of the defendant, must be confined to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person.  Sec. 2, Chap. 70, Statutes of Illinois; C., B. & Q. Ry. Co. v. Sykes, Adm'x, 96 Ill. 162; C., R. I. & P. Ry. Co. v. Fitzsimmons, 40 Ill. App. 360; W. St. L. & P. Ry. Co. v. Coble, 113 Ill. 119; C., B. & Q. Ry. Co. v. Payne, 49 Ill. 500.

Although a railroad company has, by permitting people repeatedly to cross its tracks at a point where there is no public right of passage, given an implied license to do so, it owes no duty of active vigilance to those crossing to guard

I. C. R. R. Co. v. Chicago Title & Trust Co.

them from accident. The licensee acting under it takes the risks incident to the business. Sutton, Adm'r, v. N. Y. C. & H. R. R. Co., 66 N. Y. 243; Larmore v. C. P. I. Co., 101 N. Y. 391; Nicholson, Adm'x, v. Erie Ry. Co., 41 N. Y. 525.

In order to cast upon the railway a duty toward persons crossing its tracks, the person so using the track must be at a place where the public have an actual right as against the railway company to cross, and not at a place where the crossing is at the sufferance and mere grace of the railway company. McCreary v. B. & M. Ry. Co., 153 Mass. 300.

On motion to instruct for the defendant, at the close of all the evidence, the trial court should weigh all the evidence, and if the conclusion should be that a verdict for the plaintiff ought not to stand, if so found, the trial court should give the instruction, and a refusal so to do is error. Foster, Adm'r, v. W.-H. Co., 168 Ill. 517.

JOHN C. TRAINOR, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This was an action by appellee, as administrator of the estate of Hannah Swanson, deceased, to recover damages for the alleged negligence of appellant, causing the death of said Hannah Swanson. Appellee recovered judgment for $5,000.

There are three counts in the declaration, and in each count it is alleged that appellee's intestate was killed by the appellant's engine, while she was walking on a certain public highway known as One Hundred and Thirteenth street, in the city of Chicago, across the tracks and right of way of appellant. The first count avers, as negligence, the movement of the train at a high, reckless and unlawful rate of speed; also that no lights or gates were maintained, no flagman kept, and no precaution of any kind taken by appellant " to insure the safety of the public *at said public crossing.*"

The second count avers the driving of the engine at the rate of, to wit, thirty-five miles per hour "across said *pub-*

*lic highway* at the crossing of said railroad and said public highway at the place aforesaid," and that no bell was rung or whistle sounded at the distance of at least eighty rods from the crossing, etc.

The third count contains substantially the same allegations as the first in regard to the absence of lights, flagman and gates, and the same as the second in reference to failure to ring a bell or sound a whistle.

To entitle a plaintiff to recover, his allegations and proofs must correspond. City of Chicago v. Dignan, 14 Ill. App. 128, citing Railroad Co. v. Foss, 88 Ill. 551, and Gavin v. City of Chicago, 97 Ib. 66.

In harmony with this rule is the rule that " If the plaintiff, though needlessly, describe the tort, and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance, which will occasion a non-suit." 1 Chitty on Pl., 9th Am. Ed., 392; City of Bloomington v. Goodrich, 88 Ill. 558.

"So in an action, though not local, if the situation of land or other property be described, though unnecessarily, in a material averment, to be situate in a particular parish or place, the plaintiff would fail if there were a substantial mistake." Ib. 277.

" In assumpsit for use and occupation, it is not necessary to state in what parish the premises are situated, and when a parish is as well known by one name as another, it is sufficient to call it by either. But where the situation of the premises is alleged in the declaration, a variance in the name of the parish is fatal." 1 Tidd's Pr., 3d Am. Ed., 435; see also Jerome v. Whitney, 7 Johns. 321, and Buddington v. Shearer, 20 Pick. 477.

In the case at bar, the averment that One Hundred and Thirteenth street is a public highway crossed by appellant's right of way and tracks, is a material averment. The duty which a railroad company owes to the public, in the matter of precautions for the public safety, when its trains are approaching and about to cross a public highway, is greater

in degree than the duty which it owes under other circumstances. This is recognized by the statute in reference to railroads, which expressly prescribes precautions to be observed by railroad companies at the crossings of highways by their tracks. 3 S. & C.'s Stat., parag. 73, 74, 77.

Among the precautions prescribed is the causing a bell to be rung or a whistle sounded at the distance of at least eighty rods from the place where the railroad crosses or intersects any public highway, and the continuance of such ringing or whistling until the highway is reached. Ib., par. 74. Appellee, in its declaration, counts on the omission of appellant to observe this precaution. The averment that One Hundred and Thirteenth street is a public crossing being material, proof of it is necessary to a recovery. Wis. Cen. R. R. Co. v. Wieczorek, 151 Ill. 579; Ayers v. City of Chicago, 111 Ib. 406; C. & A. R. R. Co. v. Adler, 56 Ib. 344.

In the case last cited the court say :

"Appellee had averred in his declaration that there was a public highway, and that appellants had run their engines and trains over it without giving the signal required by the statute, and he was bound to prove that a highway existed at that point."

Did appellee prove that One Hundred and Thirteenth street crosses the right of way of appellant? The appellant's right of way and tracks run northerly and southerly; One Hundred and Thirteenth street runs east and west. D. Doty, a civil engineer, in the employ of the Pullman Palace Car Company for twelve years, testified that the Pullman company owned the land on each side of appellant's right of way, at the place where the accident occurred; that, so far as he knew, there never were any proceedings for the opening or extension of One Hundred and Thirteenth street across the railroad right of way, and that on each side of the right of way, and about the center line of what would be One Hundred and Thirteenth street, if extended across the right of way, there was a sign headed : " Ill. Cent. R. R. Co.," and reading:

" All persons are warned to keep off these tracks at their peril.

C. A. BECK, General Manager."

Also, that, at a crossing south of the south line of One Hundred and Thirteenth street, if extended, which crossing will hereafter be referred to, there was another sign, on which was printed in large letters, the following, in substance :

" Illinois Central R. R. Co. Notice: This is not a public crossing, but is a private, temporary crossing, put in for the accommodation of Holy Rosary Church upon the agreement that it shall not be considered and is not a dedication to public use in any sense whatever, and that the company may remove such crossing and close the same at any time. J. T. HARAHAN, 2nd Vice-President."

W. J. Rankin, appellant's claim agent and witness, testified to the same signs.

Doty, appellee's witness, testified to the accuracy of a plat made by himself, which was put in evidence by appellee, and shows a crossing which diverges southwesterly from One Hundred and Thirteenth street at a point east of appellant's right of way, crosses the right of way south of what would be the south line of One Hundred and Thirteenth street if extended across the right of way, and then diverges northwesterly to One Hundred and Thirteenth street, west of the right of way.

Doty testified that the crossing last mentioned is about two feet south of the south line of One Hundred and Thirteenth street if extended, and Wickham, also appellee's witness, testified that it is south of that line if extended.

Doty's plat shows One Hundred and Thirteenth street to be sixty-six feet wide, and Wickham testified that the crossing of the south line of the street, if extended, is not of sufficient width for two teams to cross abreast. It appears from Doty's evidence that prior to the spring of 1892, there was no fence along the right of way of appellant, and that prior to that time, people crossed the right of way anywhere they pleased; but that in the spring mentioned fences were put up, in compliance with an ordinance

of the city, on each side of the right of way and across where One Hundred and Thirteenth street would be, if extended. It appears from the evidence of Patrick J. Tynan, a Catholic priest in charge of a Catholic church west of appellant's right of way, and from correspondence between him and appellant, that in the spring of 1892 he requested appellant to permit the use of its right of way, at or about the junction of the right of way with One Hundred and Thirteenth street, for the convenience of persons crossing to and returning from the church; that appellant granted his request, and a crossing south of the south line of One Hundred and Thirteenth street produced was accordingly constructed. Doty testified that the south crossing was opened after the fence was built, on petition of the church-goers. The evidence shows that ever since the fences were constructed and the private way south of the line of One Hundred and Thirteenth street opened, the fences and signs have remained as at present. P. J. Swanson, the husband of the deceased, testified that there are fences on the east and west sides of appellant's right of way, and across what would be One Hundred and Thirteenth street, if extended, and that, in walking along One Hundred and Thirteenth street to the right of way, one would come up against the railroad fence.

Having carefully considered all the evidence, as shown in the abstracts furnished by the parties, respectively, we are clearly of 'opinion that it wholly fails to prove that any part of appellant's right of way is included in One Hundred and Thirteenth street by dedication, prescription, or otherwise. The evidence conclusively shows that the part of the right of way which would be within the lines of the street if produced has been inclosed by fences since about March, 1892, nearly two and one-half years prior to the time of the accident, and that the crossing south of the south line of the street produced, where appellee's evidence is that the deceased was walking at the time of the accident, never has been a part of One Hundred and Thirteenth street.

At the conclusion of all the evidence, and before argu-

ment, appellant's counsel presented to the court, in writing, the following motion:

" And now comes the defendant and moves the court to exclude from the consideration of the jury the evidence in this case, on account of a variance between the evidence offered and the allegations in the declaration, in this: that each and every count of the declaration alleges that the deceased was passing over the tracks of the defendant upon a public highway; and that the undisputed evidence of plaintiff is, that the crossing or place where she was traveling, in attempting to cross the tracks of the defendant, was not a public highway. And second, that the plaintiff's evidence does not show that the place where the deceased was struck was a public crossing, as alleged in the declaration."

Appellant's counsel, at the same time, presented to the court and requested the court to give this instruction:

" The court instructs the jury that there is no sufficient evidence in this case to authorize you to find for the plaintiff, and you are therefore instructed to find for the defendant."

The motion should have been granted and the instruction given.

The following occurred in the examination by appellee's counsel of the witness Swanson:

" Mr. Trainor:     I will ask as to her physical condition.
The Court:     That was in the original examination.
Mr. Trainor:     Yes, but not as to whether she was *enciente* —pregnant—or not.
The Court:     The objection is sustained anyway.
Mr. Trainor:     One question I wanted to ask, if your honor please. This woman, as I understand, was some six or seven months advanced in pregnancy at the time of this accident, and I offer it in order to show the incredibility of her going around the tracks in that condition.
The Court:     You can ask the question. I will sustain the objection.
Q.     I will ask you, Mr. Swanson, if your wife was pregnant? If your wife was pregnant on the night of September 8, 1894, and how far advanced in pregnancy she was?
(Objected to; objection sustained and exception taken.)
Mr. Drennan:     And I want to note an exception for asking the question in that manner."

The court was clearly right in sustaining the objection to the question, but we think that on appellee's counsel suggesting what he wanted to question the witness about, it would have been better had the court ruled that the witness could not be interrogated on that subject. It was clearly irrelevant, and counsel for appellee should have known this, if he did not.

The court, at appellee's request, gave the following instruction :

" The court instructs the jury that if you should believe from the evidence in this case, that the One Hundred and Thirteenth street crossing mentioned in the evidence as such was a public crossing on the 8th day of September, 1894, that the care required of the defendant at such crossing should have been commensurate with the danger that naturally would be probable to exist there at the time and place in question, and that if you should further believe from the evidence that the deceased, Hannah Swanson, was killed in the manner and form as set forth in the plaintiff's declaration herein, by and through the negligence of the defendant, while she was exercising ordinary care for her own safety, you should then find the defendant guilty and assess the plaintiff's damages at such sum as you may believe from the evidence it has sustained, if any."

We think the instruction obnoxious to criticism in that it does not limit the jury to the negligence alleged in the declaration.

Whether there was a public highway, as claimed by appellee, is a mixed question of fact and law, and it was error to submit that question to the jury without instructing them as to how a public highway may be constituted. Harding v. Town of Hale, 83 Ill. 501; Railway Co. v. Faith, 175 Ib. 58, 60.

The instruction informs the jury that, if they find the defendant guilty, they may assess the damages at such sum as they may believe from the evidence the plaintiff has sustained. While the plaintiff may have been entitled, on sufficient proof, to recover damages, it did not, in fact, sustain any. The pecuniary loss, if any, was that of the surviving husband and next of kin of the deceased, and the

statute limits the damage to their pecuniary loss, not exceed-ing $5,000. The instruction is erroneous in this respect, and no instruction was given informing the jury as to the proper measure of damages. Appellant's counsel asked thirty-nine instructions, thirteen of which, some of them modified, were given, and the remainder refused. Counsel now objects to the modification of the instructions modified and the refusal of those refused. We decline to pass on these objections. Such a large number of instructions in such a case as this is wholly unnecessary, tends to confuse, rather than enlighten the jury, and also to increase the chances of error, which latter, we are inclined to think, is not infrequently the object sought to be attained by counsel. The practice of asking a large number of instructions has been severely criticised by the Supreme Court, the court saying, among other things, "it is a mischievous practice and should be discontinued." Adams v. Smith, 58 Ill. 417; see also Chicago Athletic Ass'n v. Eddy, 77 Ill. App. 204.

The judgment will be reversed and the cause remanded.