## Chicago City Ry. Co. v. Simon Sandusky.

1. INSTRUCTIONS—*Should be Clear, Accurate and Few in Number.*— Instructions should always be clear, accurate and concise statements of the law as applicable to the facts of the case under consideration. A few concise statements of the law applicable to the facts are all that can serve any practical purpose in the determination of the questions at issue in the case.

2. SAME—*Where an Unreasonable Number is Presented.*—Where an attorney persists in handing up an unreasonable number of instructions, considering the nature of the case, the court is justified in refusing to examine them, and in requiring them to be consolidated, condensed or eliminated within such limits as may be reasonable.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

Chicago City Ry. Co. v. Sandusky.

Wm. J. Hynes and Watson J. Ferry, attorneys for appellant; Mason B. Starring, of counsel.

William C. Snow and Charles Hugh Stevenson, attorneys for appellee; William Prentiss, of counsel.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an action to recover for personal injuries. Appellee was driving westward in a one-horse wagon along Thirtieth street, Chicago, and crossing State street, when his wagon was struck by a north-bound cable car running upon appellant's tracks on the latter street. The declaration charges that appellant drove its car so rapidly and negligently, that appellee, although in the exercise of due and reasonable care, was thrown out of his wagon by the collision and thus injured. The jury in the trial court returned a verdict of $1,000 in favor of appellee, and judgment was rendered accordingly, from which this appeal comes.

It is first urged that the verdict is not justified by the evidence, which it is claimed shows that appellee failed to exercise ordinary care, and that appellant was guiltless of negligence. Testimony was given in behalf of appellee by a woman who states that she saw the accident and that when appellee's horse stepped upon the track on which the cable car was approaching, the latter was "a good length away," or as she afterward puts it, "I would say in the middle of the block, like." She states the car was going about as fast as a man would run; that the gripman did nothing to prevent the collision; that no bell was rung and no warning given; that the grip car struck the back wheel of the wagon; that the latter was not overturned by the collision but tilted; that appellee was thrown out, striking on the back of his head, and that then the gripman stopped his car quickly, at a point about two car lengths north of Thirtieth street. The accident occurred between seven and eight o'clock the night of April 18, 1896, at a time when it was raining or drizzling. Appellee's testimony is to the effect that he is a junk dealer, and was driving homeward; that his horse was walking or trotting, he doesn't seem to

be quite sure which; that when he approached the track the car appeared "a good ways from the wagon yet;" that when he "got down on the track" the car struck the wagon; that he fell and was rendered unconscious. He states that he was carrying a light on the left side of the seat from which direction the car was approaching.

There is considerable testimony in behalf of appellant tending to show that appellee was not looking out for approaching cars as he neared the tracks; that he drove upon the track just ahead of the train, although when he was ten or fifteen feet therefrom, the gripman was not much further away; that the gong was sounding continuously and that the gripman used every effort to stop the car and prevent the accident. That there is evidence tending to show due care on the part of appellee and negligence on the part of appellant is plain. This evidence was presented to the jury, who saw the witnesses and heard their testimony. We are not warranted in setting aside the verdict upon conflicting evidence merely because the conclusion is not what we ourselves, if sitting as jurors, might perhaps have reached.

While the trial was in progress and a number of witnesses for the defense were still to be examined, the court called up the attorneys on both sides, and the jury being present, read to them the following : " It is ordered at this time, while the witnesses on the part of the defendant are being examined, that the instructions to be tendered to, examined or given by the court to the jury, be limited to twenty-four, twelve on the part of the plaintiff and twelve on the part of the defendant, and that no instructions in excess of said numbers will be received or examined by the court or given to the jury."

The court stated that the notice was given at that time so that counsel might not be taken by surprise and might have opportunity to prepare their instructions accordingly; and that the trial judge had become sufficiently familiar with the case to form an opinion as to what would constitute a reasonably sufficient number in view of the nature of the case. Pursuant to the purpose so indicated the court

gave seven out of the twelve instructions first submitted by appellant, modified the eighth and refused four.   Twenty additional instructions were presented by appellant's counsel, which the court declined to examine, and refused in a body. It is insisted that in this the court erred; that if among the instructions so offered there are any which declare the law applicable to the case, which are not argumentative or misleading, nor repetitions of others given, it was error not to give them.   No complaint is made in appellant's brief of the court's action in refusing or modifying the instructions which were so disposed of, but it is urged that among the twenty refused without examination, there were several which correctly stated principles of law applicable to the case.

The Practice Act provides (R. S. Chap. 110, Sec. 51), " The court in charging the jury shall only instruct as to the law of the case;" that (Sec. 52) "hereafter no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing;" and (Sec. 54), " When instructions are asked which the judge can not give, he shall on the margin thereof write the word 'refused;' and such as he approves he shall write on the margin thereof, the word 'given;' and he shall in no case after instructions are given, qualify, modify, or in any manner explain the same to the jury otherwise than in writing." The necessity of reducing the charge of the court to writing, and the time which this would require while counsel, jurors and other causes are kept waiting, has led to the almost universal abandonment by trial courts in this State of any charge to the jury wherein the trial judge takes the initiative, stating in his own way the law applicable and endeavoring thus to aid the jury in a proper performance of their duty.   Instead of such a charge, the trial court is now generally confined to an examination of instructions prepared by the attorneys on either side, and to giving or refusing such as the judge may conclude from such examination should be so given or refused.   They are frequently presented after the evidence is in, and examined by the presiding judge during the time occupied by the attor-

neys in addressing the jury. As the giving or refusing of instructions so presented is a frequent ground of application to reviewing courts, it is not infrequently deemed not undesirable by attorneys in many cases that the trial court should be led to commit error in giving or refusing instructions, which in the event of a judgment against their clients may be urged as ground for reversal. Whether from such motive or because honestly believing that it is necessary for the protection of their clients' interests, it has become altogether too common to submit a large number of instructions containing numerous propositions of law not always clearly stated nor clearly applicable to the particular case, and which it is very difficult for any judge to adequately consider in the time at his disposal for such purpose. This practice has been frequently condemned by reviewing courts in this State. In Adams v. Smith, 58 Ill. 417, the series of instructions given at the instance of the appellee were eighteen in number. The Supreme Court, by Mr. Justice Scott, said: "We do not understand why it is that counsel, where they have a good cause, will seek to incumber it with such a multitude of instructions, the almost invariable effect of which is, to introduce manifest error into the record. Such a practice does not enlighten the minds of the jury on the issues submitted to them, but rather tends to introduce confusion. Instructions should always be clear, accurate and concise statements of the law as applicable to the facts of the case. It was never contemplated, under the provisions of the practice act, that the court should be required to give a vast number of instructions, amounting in the aggregate to a lengthy address. It is a mischievous practice and ought to be discontinued. A few concise statements of the law applicable to the facts are all that can be required and are all that can serve any practical purpose in the elucidation of the case." The court adds that although the Circuit Court may have refused proper and given improper instructions, the verdict will not always be disturbed for that reason alone, where substantial justice has been done, and the instructions were not such as would tend to mislead the jury on doubtful

facts.  In City of Chicago v. Moore, 139 Ill. 201, the trial court had refused all the instructions asked by the plaintiffs, and embodied all the law thought to be applicable in one charge to the jury, and the Supreme Court commended the practice as it had several times done before, citing Hill v. Parsons, 110 Ill. 111; Hanchett v. Kimbark, 118 Ill. 132; Birmingham Fire Ins. Co. v. Pulver, 126 Ill. 329.  The conclusion stated is that " When the judge sees proper to do so, it is competent for him to prepare his own charge to the jury; but if he does so, he should embody in it, either literally or in substance, all proper instructions asked by counsel; " but that " it by no means follows, because an instruction contains a correct proposition of law that it must meet the approval of the judge, and must therefore be given.   Each party to the litigation has a right to demand that the law applicable to his case shall be given with accuracy and clearness to the jury.   But this is all he has a right to demand," etc.   The case of Chicago Athletic Association v. Eddy Electric Manufacturing Company, 77 Ill. App. 204–212, indicates the lengths to which attorneys sometimes go in bundling onto the trial court a great number of so-called instructions.  In that case the number tendered by the appellant was eighty-four and the Appellate Court says:  " This was an unfair and improper burden cast upon the trial court.   That court would have been fully justified in refusing them all without examination upon the ground of the unreasonable number, and in preparing and giving of its own motion in lieu thereof, an instruction covering the theory of defense."   In I. & I. S. Ry. Co. v. Wilson & Son, 77 Ill. App. 603–607, appellant presented thirty-six separate instructions, and the Appellate Court says:  " No such number of instructions, nor the third of that number, are ever necessary to a proper statement of the law in such a case as this.   To present such a number of instructions in a case as simple as this one is to invite error and become a party to it."   In I. C. R. R. Co. v. Chicago Title & Trust Co., 79 Ill. App. 623–632, it is said:  " Appellant's counsel asked thirty-nine instructions, thirteen of which, some of them modified, were given and the remain-

der refused. Counsel now objects to the modification of the instructions modified and the refusal of those refused. We decline to pass on these objections. Such a large number of instructions in such a case as this is wholly unnecessary, tends to confuse rather than enlighten the jury, and also to increase the chances of error, which latter we are inclined to think is not infrequently the object sought to be attained by counsel." In City of Salem v. Webster, 95 Ill. App. 120–131, the counsel for appellant had presented thirty-one instructions. It is said by Presiding Justice Creighton: "The practice of presenting to the court a large number of instructions, repeating over and over again the same propositions of law, has often been condemned by our courts. When a number of instructions are asked by the same counsel covering the same principle of law, if the court in selecting does not give the one stating the law most favorably to the party so asking, he has no cause of complaint against the court." The above references indicate how general is the evil complained of, and that it has been often and strongly condemned. It would seem to be time that attorneys began to heed these admonitions.

In the case at bar, the trial court gave the attorneys on both sides fair notice in ample time to adapt their instructions to the ruling announced. It is entirely justifiable to endeavor to prevent what has undoubtedly become an abuse, an impediment to the accurate and prompt administration of the law. It may be that it would not always be proper to limit the instructions presented to a fixed and definite number. Such a rule, however, means only that the number shall not exceed the limit, and if that number is reasonably sufficient no injustice is done. Any rule of the kind would doubtless be relaxed upon a showing in good faith that a fair and accurate presentation of the law applicable to a case reasonably required one or more additional instructions. In the present case thirty-two instructions in all were asked for appellant. Examination shows that these contain repetitions in some instances, and are other-

wise subject to criticism; and we are quite convinced, that all which was relevant or important could have been readily embraced in the number limited by the court. If appellant's attorneys thought otherwise, it was open to them to call the special attention of the trial judge to any particular additional instruction they deemed essential to properly advise the jury. No effort was made to do this. The extra twenty were handed up in a bunch without any showing whatever why the rule announced should be relaxed, and after counsel had been advised that more than twelve would not be examined. Under these circumstances we need not consider whether some of the instructions so presented might not with propriety have been given. If any error was committed in that regard appellant's counsel were parties to and responsible for it. Where attorneys persist in handing up an unreasonable number of instructions considering the nature of the case, the court is justified in refusing to examine them, and in requiring them to be consolidated, condensed or eliminated within such limits as may be reasonable.

In the present case the court examined such as were selected by appellant's attorneys, within the limit fixed, and gave such of them as were deemed applicable fairly covering the theory of the defense. Finding no reversible error, the judgment of the Superior Court must be affirmed.